United States District Court
Southern District of Texas

**ENTERED**

September 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Noel Ramon, §<br>        Petitioner, §<br> §<br>v. §<br> §<br>Lorie Davis, §<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>        Respondent. § | Civil Action H-19-2582 |

## Memorandum and Recommendation

Noel Ramon filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the outcome of a 1983 prison disciplinary proceeding. (D.E. 1.) For the reasons detailed below, the court lacks jurisdiction to hear this case and recommends that Ramon's petition be dismissed without prejudice.

*1. Background*

According to the Texas Department of Criminal Justice ("TDCJ") website, Ramon is currently serving a life sentence for convictions in Dimmit County, Texas, and in Kendall County, Texas. Offender Information Details, Texas Department of Criminal Justice, <https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03113638> (last visited Sept. 5, 2019). Both Dimmit County and Kendall County are in the Western District of Texas. 28 U.S.C. § 124(d)(4).

His petition asserts that a disciplinary proceeding took place at the Clemens Unit prison in Brazoria County. (D.E. 1 at 5.) Ramon is currently confined at the Eastham Unit in Lovelady, Texas. Lovelady, Texas, is in Houston County, which is in the Eastern District of Texas. 28 U.S.C. § 124(c)(6).

## 2. Jurisdiction

A "person in custody under the judgment and sentence of a State court" may file a petition for writ of habeas corpus in the federal district court where 1) he or she was convicted and sentenced, or 2) he or she is currently in custody. 28 U.S.C. § 2241(d). A TDCJ disciplinary proceeding cannot render the type of judgment and sentence required under 28 U.S.C. § 2241(d) because the TDCJ is not a state court. *See Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000). Therefore, the location of the disciplinary proceeding is not determinative of jurisdiction.

Proper jurisdiction instead depends on the location of Ramon's original convictions and his current confinement. *See* 28 U.S.C. § 2241(d). Ramon's state court convictions took place in the Western District of Texas. He is currently confined in the Eastern District of Texas. The proper district for Ramon's federal petition thus includes either the Western District of Texas or the Eastern District of Texas. This court lacks jurisdiction.

## 3. Discretion to transfer

In the interest of justice, a district court has discretion to transfer a petition for writ of habeas corpus to the appropriate district court. 28 U.S.C. § 2241(d). Because Ramon's petition is barred by the AEDPA statute of limitations, and because he does not allege the deprivation of any constitutional right, the court declines to transfer this petition.

### A. Statute of Limitations

28 U.S.C. § 2244(d)(1) establishes a one-year statute of limitations:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

For purposes of a prison disciplinary proceeding, the one-year period of limitation begins on the date of the disciplinary hearing. *Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). Ramon does not contend that he submitted an appeal of the 1983 disciplinary outcome within the applicable TDCJ time frames. Therefore, the one-year period of limitation expired in 1984. *See Canida v. Quarterman*, C.A. No. C-06-328, 2006 WL 3488947, at *5, (S.D. Tex. Dec. 4, 2006) (noting that "[a]lthough timely filed grievances would have tolled the one-year period, petitioner has not established that he properly and timely filed any grievances.").

Ramon filed his petition by mail on July 7, 2019. It is therefore time-barred. No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

### B. Lack of a Constitutionally Protected Interest

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 481 U.S. 539, 557 (1974). In the context of institutional rules violations, the Due

Process Clause is triggered only when the disciplinary action results in a sanction that infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary confinement of inmates itself does not implicate constitutional liberty interests). Only those state-created substantive interests that affect the fact or duration of confinement may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. A Texas prisoner is entitled to due process in the prison disciplinary context only when the following criteria are met: 1) that he has been punished by the loss of good time credits, and 2) that he is eligible for release on mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957–59 (5th Cir. 2000).

Ramon's petition does not indicate the loss of any good time credits and he does not assert that he is eligible for release on mandatory supervision. Absent these allegations, Ramon has not been deprived of any constitutional right. Therefore, a transfer is not in the interest of justice.

*4. Conclusion*

The court recommends that Ramon's petition be dismissed without prejudice to Ramon re-filing in a proper district.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September **9**, 2019.

_____

Peter Bray

United States Magistrate Judge